HARDY, Judge.
This is a compensation suit in which plaintiff, claims total and permanent dis *37 ability as the result of an accident alleged to have been sustained while in the employ of defendant’s assured. After trial there was judgment in favor of plaintiff awarding compensation at the rate of $30.00 por week for a period of 20 weeks, from which judgment both plaintiff and defendant have appealed.
The only question presented is the duration and extent of disability.
Plaintiff is an automobile mechanic, 61 years of age, and at the time of the alleged accident, October 7, 1949, he was employed by Murtishaw’s Concrete Products Company, for which concern the defendant, Great American Indemnity Company, was the compensation insurer. There was no eyewitness to the accident, but plaintiff claims to have seriously injured his back when a pry bar, which he was using in the attempt to move a truck, suddenly slipped, causing a wrenching and twisting of his back and producing severe pain in the lower part thereof.
There are several unusual factors involved. First, the record discloses the -fact that plaintiff is an intermittent worker. That is, according to his own testimony, having no dependents and no obligations, his usual practice was to work for a few weeks and then lay off for the purpose of eating and sleeping until .the urge or the need to work indicated his return to his job. Second, we cannot help but be impressed by the fact that in the presentation of his case in chief a number of lay witnesses were presented on behalf of plaintiff. The purpose appears to have been not only to attempt to establish the fact of a back injury and attendant pain and suffering, but also to tender plaintiff’s reputation for truth, veracity and credibility. The effort to make such a showing in advance of any attack brings to mind the French proverb “Qui s’excuse s’accuse”. And in at least one instance it was definitely brought out on cross-examination that the plaintiff himself had inspired and initiated the discussion concerning his reputation with respect to which the particular witness was being examined.
The medical testimony, presented by one physician on behalf of plaintiff and two for defendant, is remarkable for the fact that there is substantially little material conflict of opinion. Trial of this case was had only a little more than three and one-half months after the date of the alleged accident. The longest period of duration of disability given by any of thé medical exr ports at the time of trial was sixteen weeks, which prognosis was made by plaintiff’s physician.
Although plaintiff alleged not only an acute lumbosacral strain of his back, together with an herniated intervertebral disc, there is absolutely no evidence of any character which would support the claim as to the latter injury. The uniform diagnosis was a muscular strain or a lumbosacral strain.
Plaintiff’s case, is considerably weakened by the testimony of one of his witnesses, Mrs. Edith Love, bookkeeper for plaintiff’s employer, who testified that plaintiff returned from a visit to a ohiropractor shortly after the alleged accident and demonstrated his physical fitness by performing some “acrobatics”.
On the basis of the facts reflected*by the record before us, it is evident that plaintiff has woefully failed in his effort to establish total and permanent disability. There is not the slightest basis for justifying a holding that plaintiff has met tihe •requirement of proving his claim by a preponderance of evidence.
We are impressed with the fact that our learned brother of the District Court was more than liberal in his award, but we cannot conclude that the margin of excess appears to be sufficient in degree to constitute manifest error.
For the reasons assigned, the judgment appealed from is affirmed at the cost of plaintiff-appellant.